UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM, | No. 2:23-cv-01488-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| JOSEPH BICK, et al., | |
| Defendants. | |

On October 9, 2024, this Court adopted the magistrate judge's findings and recommendations that Plaintiff had sustained three prior "strikes" before filing the present civil rights action. On October 21, 2024, Plaintiff filed a motion for reconsideration.

I.  Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the Court, *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." *Id.* The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would

1  result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981);
2  *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert. denied*, 475 U.S. 1064
3  (1986).

4      II.    <u>Analysis</u>

5      In his motion to reconsider, Plaintiff asserts for the first time that the prior case of
6  *Eckstrom v. Reagan*, No. 2:98-cv-1034 LKK JFM (E.D. Cal.), was filed by another inmate with
7  the same last name and should not have counted as a strike under 28 U.S.C. § 1915(g).  (ECF No.
8  17 at 1–2.)  However, Plaintiff does not explain why he did not raise this argument in his
9  Objections to the Findings and Recommendations which he filed on September 17, 2024.  (ECF
10 No. 15.)  A further review of the docket in *Eckstrom v. Reagan* indicates that it was filed by an
11 inmate who listed the same CDCR number as Plaintiff provided in his complaint in this case.
12 (ECF No. 1 at 1.)  Plaintiff does not explain how another prisoner obtained his CDCR number in
13 order to list it on the 1998 complaint.  Moreover, Plaintiff's description of the *Eckstrom v.*
14 *Reagan* case in his original Objections is consistent with his appeal of the district court's
15 dismissal of this case.[1]  Plaintiff's description of the relevant case history of *Eckstrom v. Reagan*
16 undercuts his argument in his motion to reconsider.  For all these reasons, the Court finds that
17 Plaintiff's new argument is not supported by the files and records in *Eckstrom v. Reagan*.[2]

18     Accordingly, IT IS HEREBY ORDERED that:

19     1.  Plaintiff's motion for reconsideration (ECF No. 17) is DENIED.

20     2.  Plaintiff shall be required to pay the entire $405.00 filing fee in this action within 21
21 days from the date of this Order.

---

[1] In his Objections, Plaintiff refers to Case Number 98-17303 which he admits filing. Plaintiff's appeal from the district court's dismissal of his complaint in *Eckstrom v. Reagan*, was assigned Appeal No. 98-17303.  *See* ECF No. 16 in *Eckstrom v. Reagan*, Case No. 2:98-cv-01034-LKK-JFM (E.D. Cal.) (Certified Copy of Judgment from the Ninth Circuit Court of Appeal in No. 98-17303).

[2] The Court takes judicial notice of these court records.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3.  The failure to pay the filing fee within the time provided will result in the dismissal of this case.

IT IS SO ORDERED.

Date: December 13, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE